# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Kelly Quigley, individually and on behalf, of her minor child, OQ,

    Plaintiffs,

vs.

Montevideo Public Schools/Independent School District #129, Board of Education of Independent School District #129, Bill Sprung (in his official and individual capacities), Luther Heller (in his official and individual capacities), and Brock DuMarce (in his official and individual capacities), jointly and severally, individually and collectively,

    Defendants.

Case No.: 21-CV-1461 (PJS/LIB)

**<u>MINOR SETTLEMENT AMENDED PETITION</u>**

Your Petitioner, Kelly Quigley, represents to the Court as follows:

I.

That she is the legal guardian of OQ, a minor, who was born on September 8, 2011.

II.

That Petitioner is a resident of Douglas County, State of Minnesota and Defendants were, at all times material, residents of Chippewa County, State of Minnesota. Defendants currently reside as follows:

    a. Defendant DuMarce resides in Kandiyohi County, State of Minnesota.

    b. Defendant Sprung resides in Kandiyohi County, State of Minnesota.

    c. Defendant Heller resides in Lincoln County, State of South Dakota.

d. Defendant Montevideo Public Schools/Board of Education resides in Chippewa County, State of Minnesota.

### III.

That Petitioner retained Lori Peterson Law Firm, 222 South Ninth Street, Suite 1600, Minneapolis, MN 55402, to recover damages for injuries allegedly suffered by OQ. .

### IV.

That Plaintiffs subsequently brought suit against the above-named Defendants, seeking compensation for damages related to alleged incidents and claims arising under Title IX of the Education Amendments of 1972, the Minnesota Human Rights Act, and Minnesota common law.

### V.

That Defendants deny liability and all of Plaintiffs' allegations of wrongdoing and injury.

### VI.

That the parties, through their respective counsel, engaged in good-faith negotiations, and an agreement was made pursuant to Minn. Stat. § 572.35, whereby the Defendants will pay a total present value settlement of Five Hundred Thousand and no/100 ($500,000.00) Dollars (of which Union Insurance Company of Providence, insurer for ISD #129, will contribute $425,000.00, consisting of cash of $163,910.32 and future periodic payments (described herein), having a present value/cost of $261,089.68, and Grinnell Mutual Insurance Company, insurer for Brock DuMarce, will contribute $75,000.00), as full and complete settlement and compromise of all disputed claims arising out of the above-mentioned incidents. Petitioner believes that said

amount is fair and reasonable and that acceptance of the same will be in the best interest of the minor, OQ.

### VII.

That out of the sum of Five Hundred Thousand Dollars ($500,000.00) paid and received in settlement of this disputed claim and cause of action, Lori Peterson Law Firm should be paid the sum of One Hundred Sixty-Six Thousand Six Hundred Sixty-Six and 66/100s Dollars ($166,666.66) for attorney fees, court costs, disbursements, and expenses.

### VIII.

That Petitioner has incurred and will incur in the future, numerous expenses as a result of injuries and damages allegedly sustained by OQ. Petitioner seeks reimbursement of $2,243.66 as parent of the minor OQ as set forth in the attached Exhibit "Affidavit of Kelly Quigley."

### IX.

That after deducting attorney's fees, costs and disbursements, and reimbursement to Petitioner, there will remain a present value balance for OQ in the amount of $331,089.68, which will be paid to her as described below.

### X.

The Petitioner believes it is in OQ's best interest to establish a preservation trust for her. The administration of some of the settlement funds for OQ's benefit is necessary while she remains a minor but may also be prudent into adulthood. A settlement preservation trust will provide flexibility in paying for counseling, treatment, health-related and education expenses. The Petitioner has determined that the Legacy Enhancement pooled minor's trust would be the

best type of trust available, offering professional trustee services, professional management of assets, and a lower cost to establish and administer.

XI.

Copies of the Legacy Enhancement Minor's Master Pooled Trust and Legacy Enhancement Minor's Master Pooled Trust Joinder Agreement are attached as Exhibits. Petitioner requests this Court to allow OQ to join the Legacy Enhancement minor's pooled trust as part of the Order approving this settlement. Petitioner requests that Legacy Enhancement be appointed as the trustee of the Legacy Enhancement Minor's Master Pooled Trust to ensure compliance with Minn. Stat. § 540.08 and Minn. R. Gen. Pract. 145 and to protect OQ's settlement. Petitioner further requests that the Court find that it is in the minor child's best interest to appoint said Trustee for the following reasons:

> Legacy Enhancement is a non-profit corporation incorporated in Texas in May of 2015 and operates exclusively for charitable purposes within the meaning of Section 501 (C)(3) of the Internal Revenue Code, with a purpose to administer a national pooled trust;

> Legacy Enhancement was specifically established to assist individuals who are disabled, have special needs, are minors or adults who need the supervision of a corporate trustee;

> Legacy Enhancement has a reputation for outstanding customer service (including no telephone menu or screening and direct access to each beneficiary's designated trust service administrator);

> Legacy Enhancement is subject to State laws and regularly audited and examined by external CPA auditors;

> Legacy Enhancement is not connected or owned by a commercial bank nor is it a lending institution (having virtually no risk inherent to commercial banks whose business relies on credit-based transactions);

> As of November 29, 2021, Legacy Enhancement has over 2,300 trusts valued at over $152,974,802. The trust is extremely conservatively invested with less than 10% of assets invested in equities. The current average rate of return for accounts is 3.3% after fees;

Legacy Enhancement is licensed to do business in Minnesota;

Legacy Enhancement has significant Errors & Omissions insurance coverage, Directors & Officers Liability insurance coverage, Trustee & Fiduciary Liability insurance coverage and Deposit Institutional Bond.

XII.

The Petitioner requests that the Legacy Enhancement Minor's Pooled Trust be funded with $70,000.00.

XIII.

That Union Insurance Company of Providence shall pay to OQ (payee) future periodic payments having a total present value/cost of $261,089.68 as follows:

Period Certain Annuity - $1,750.00 payable monthly, guaranteed for 17 years (204 payments), beginning on 10/08/2033, with the last guaranteed payment on 09/08/2050;

Lump Sum Payment - $20,000.00 paid as a lump sum on 09/08/2033, guaranteed;

Lump Sum Payment - $30,000.00 paid as a lump sum on 09/08/2036, guaranteed.

(Total guaranteed payments of $407,000.00.)

To provide for the periodic payments, Union Insurance Company of Providence (assignor) will assign its duties and obligations to make the periodic payments to BHG Structured Settlements, Inc. (assignee) pursuant to a Qualified Assignment within the meaning of Section 130(c) of the Internal Revenue Code. The assignee will then fund its obligation to make the future periodic payments by purchasing a qualified funding asset within the meaning of Section 130(d) of the Internal Revenue Code in the form of an annuity policy from Berkshire Hathaway Life Insurance Company of Nebraska (annuity issuer). The annuity policy shall be owned by the assignee and Columbia Insurance Company will guarantee the periodic payment obligations assumed by the assignee.

XIV.

The cost of the settlement plan is $261,089.68 as evidenced by the structured settlement plan quote in the attached Exhibit. Berkshire Hathaway Life Insurance Company of Nebraska is rated "A++" (superior) by A.M. Best, with a financial category of XV, is licensed to do business in Minnesota, and has complied with the applicable provisions of Minn. Stat. § 549.30 to 549.34 as evidenced by the letter from Synergy Settlement Services in the attached Exhibit.

XV.

The Petitioner requests that in the event that OQ dies before all periodic payments have been made to her, all future periodic payments shall be made to Petitioner, provided that OQ may change this beneficiary designation after she attains the age of majority.

WHEREFORE, Petitioner prays the Court for the following Order:

1. That settlement of the claim and cause of action of Petitioner and said minor, OQ, in the total present value sum of $500,000.00 be in all things approved and that Petitioner, her attorneys, and all parties, be authorized and directed to execute any and all releases, satisfactions, dismissals, qualified assignments, and any and all other documents that may be necessary to consummate such settlement.

2. That Union Insurance Company of Providence issue a draft in the amount of $163,910.32 and Grinnell Mutual insurance Company issue a draft in the amount of $75,000.00, both made payable to Lori Peterson Law Firm Trust Account within 10 days from the date of the Order herein.

3. That the distributions set forth herein be approved. From the cash payments totaling $238,910.32, Plaintiffs' attorney, Lori Peterson shall disburse the cash proceeds from her trust

account as follows: Kelly Quigley $2,243.66, Lori Peterson Law Firm $166,666.66, and Legacy Enhancement Minor's Pooled Trust F/B/O OQ $70,000.00.

4. Authorizing and directing Union Insurance Company of Providence to timely fund the structured settlement in the amount of $261,089.68.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated this 28th day of December, 2021.

*[signature]*
Kelly Quigley as parent of OQ, a minor